UNITED STATES of America, Plaintiff—Appellee,

v.

Alvin OCAMPO, Defendant—Appellant.

No. 04–50521.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

U.S. Attorney, Jason M. Ohta, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marisa Lynne Dersey, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

We have held in numerous border cases that routine handcuffing of a detainee as a safety precaution while escorting him to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the secondary inspection office, even when combined with the frisking of the detainee and the confiscating of some of his personal items, does not convert a reasonable detention into an illegal arrest, nor does it convert a reasonable detention into an unreasonable one. *See, e.g., United States v. Nava,* 363 F.3d 942 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 439, 160 L.Ed.2d 347 (2004); *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003) (as amended); *United States v. Zaragoza,* 295 F.3d 1025 (9th Cir.2002), *cert. denied,* 538 U.S. 956, 123 S.Ct. 1651, 155 L.Ed.2d 506 (2003); *United States v. Bravo,* 295 F.3d 1002, 1006 (9th Cir.2002), *cert. denied,* 538 U.S. 971, 123 S.Ct. 1775, 155 L.Ed.2d 530 (2003). These cases control our decision here. The detention here was reasonable.

Ocampo challenges the model grand jury instructions because they admonish the grand jury not to consider the "wisdom of the criminal laws" or to be "concerned about punishment." The outcome is directly controlled by our recent *en banc* decision in *United States v. Navarro-Vargas,* 408 F.3d 1184 (9th Cir.2005) (en banc). For the same reasons, "the provisions of the model grand jury instructions challenged here are constitutional." *Id.* at 1208.

Pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), we "remand to the district court ... for the [limited] purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074; *United States v. Moreno-Hernandez,* 397 F.3d 1248 (9th Cir.2005), *amended by* —— F.3d ——, —— –– ——, No. 03–30387, slip op. 7773, 7793–94 (9th Cir. July 5, 2005). On re-

mand, the district judge shall give Ocampo an opportunity to opt out of resentencing if he is no longer interested in pursuing it. *See Ameline,* 409 F.3d at 1084.

**AFFIRMED IN PART; REMANDED IN PART.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.